IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GEORGE EDWARD JARRELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:16-CV-107-MHT |
| | ) |
| JUDGE BEN LEWIS, | ) |
| | ) |
| Defendant. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by George Edward Jarrell ("Jarrell"), an indigent inmate presently incarcerated in the Houston County Jail awaiting trial on pending state criminal charges.[1] In this complaint, Jarrell seeks to challenge the constitutionality of rulings made by Ben Lewis, a judge for the District Court of Houston County, Alabama, in the pending criminal proceedings. *Complaint - Doc. No. 1* at 2-3. Specifically, Jarrell alleges that the bonds set by Judge Lewis on the criminal charges are excessive.[2] *Id*. Jarrell futher complains that Judge Lewis failed to ensure the presence of defense counsel at arraignment, denied him a preliminary hearing on the

---

[1] Jarrell identifies the charges as conspiracy to commit murder, first degree possession of a controlled substance and distribution of a controlled substance. *Complaint - Doc. No. 1* at 3.

[2] According to Jarrell, the current bond amounts are $150,000 for conspiracy to commit murder and $5,000 for each of the controlled substance offenses. *Complaint - Doc. No. 1* at 3.

criminal charges and refuses to allow him access to the evidence possessed by the State. *Id*. at 3.  Finally, Jarrell alleges that Judge Lewis is "involved with the Mexican cartel and other criminal organizations" in the tri-state area, failed to report an alleged death threat made against him by a narcotics officer, and has conspired with this narcotics officer to deprive Smith of his constitutional rights.  *Id*.  Jarrell seeks declaratory relief and monetary damages from Judge Lewis.  *Id*. at 4.

Upon thorough review of the complaint, the court concludes that this case is due to be summarily dismissed prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).[3]

## II.  DISCUSSION

### A.  Request for Damages

Jarrell alleges that Judge Lewis violated his constitutional rights by setting excessive bail amounts on his pending criminal charges, conducting his arraignment in the absence of counsel, failing to conduct a preliminary hearing after his request for such a hearing and refusing to allow him access to the evidence obtained against him.  *Complaint - Doc. No. 1* at 2-3.  Jarrell also asserts that the purported involvement of Judge Lewis with organized crime has resulted in a conspiracy with a narcotics officer to violate his constitutional

---

[3] The court granted Jarrell leave to proceed *in forma pauperis* in this case.  *Order of February 19, 2016 - Doc. No. 3*.  A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's complaint if it determines that the complaint is frivolous/malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

rights during the state criminal proceedings. All of the allegations made by Jarrell against Judge Lewis emanate from actions taken by this defendant in his judicial capacity during state court proceedings over which he had jurisdiction. The law is well established that a state judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Paisey v. Vitale in and for Broward County*, 807 F.2d 889 (11th Cir. 1986); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, the plaintiff's claims for monetary damages against Judge Ben Lewis are "based on an indisputably meritless legal theory" and are therefore due to be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii). *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[4]

## B. Declaratory Relief

1. <u>Non-Final Orders</u>. To the extent Jarrell seeks relief from adverse decisions issued by the state court which are not yet final, he is due no relief from this court on such

---

[4] The conspiracy claim is fanciful and based solely on hearsay and innuendo. At best, the assertions made by Jarrell with respect to a conspiracy are purely self-serving, conclusory allegations which fail to assert those material facts necessary to establish the existence of a conspiracy. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy). A conspiracy claim justifiably may be dismissed because of the conclusory, vague and general nature of the allegations. *Fullman v. Graddick*, 739 F.2d 553, 556-557 (11th Cir. 1984). The court has carefully reviewed the instant complaint. Other than his suppositious allegations, Jarrell presents nothing to establish an actual conspiracy nor can this court countenance the existence of any evidence which would indicate Judge Lewis entered into a conspiracy to deprive Jarrell of his constitutional rights. Thus, Jarrell's bare allegations of a conspiracy are likewise insufficient to support a claim for relief under 42 U.S.C. § 1983. *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-557.

claims as there is an adequate remedy at law. *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Jarrell may request reconsideration by the trial court or seek relief from the state appellate court via petition for writ of mandamus, appeal or other appropriate action. Since state law provides an adequate remedy for Jarrell to challenge non-final orders, the plaintiff is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243.

  2. <u>Final Orders</u>.  With respect to the claims presented by Jarrell attacking the constitutionality of orders issued by a state court which have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed pursuant to 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460, 126 S.Ct. 1198, 1199 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Jarrell from proceeding before this court as this case, with respect to any claims challenging final orders issued by a state court in pending criminal actions, is "'brought by [a] state-court loser[]

4

complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.' 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464, 125 S.Ct. at 1201; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

In light of the foregoing, the court concludes that dismissal of the requests for relief from final actions undertaken by the state court during proceedings related to the plaintiff's pending criminal cases is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i). *See Clark v. State of Georgia Pardons and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[5]

3. <u>Pending Criminal Charges</u>.  To the extent Jarrell seeks declaratory or injunctive relief which would require intervention by this court into criminal proceedings ongoing

---

[5] Although *Neitzke* interpreted the provisions of 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives contained in the present statute.

before the District or Circuit Court of Houston County, Alabama, well settled federal law requires that this court refrain from issuing such relief.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from entertaining civil actions by individuals seeking to enjoin criminal prosecutions against them in state court. *Id*. at 44-45. "Attentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions." *Jackson v. Georgia*, 273 Fed. App'x 812, 813 (11th Cir. 2008 (citing *Younger*, 401 U.S. at 37). *Younger* therefore directs federal courts to abstain from granting injunctive or declaratory relief that would interfere with ongoing state criminal proceedings except under very limited circumstances. *Younger*, 401 U.S. at 43-45. The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43.

"In order to decide whether the federal proceeding would interfere with the state proceeding, [the court] look[s] to the relief requested and the effect it would have on the state proceedings. The relief sought need not directly interfere with an ongoing proceeding or terminate an ongoing proceeding in order for *Younger* abstention to be required." *31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (citations omitted). Abstention is required under *Younger* when a state judicial proceeding is pending, the

proceedings implicate important state interests and the state proceedings provide an adequate opportunity to raise constitutional challenges. *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 431 (1982); *31 Foster Children*, 329 F.3d at 1274.

It is clear that each of the requisite elements for *Younger* abstention are present in this case. First, Jarrell is awaiting trial on criminal charges before the Circuit Court of Houston County, Alabama. Secondly, enforcement of criminal law is an important state interest. Jarrell may also raise his claims in the pending state court proceedings by filing appropriate motions with the trial court and, if unsuccessful on these motions, petition the Alabama Court of Criminal Appeals for review of any adverse decision. In addition, if Jarrell is convicted of the charges lodged against him, he may present his claims on direct appeal before the state appellate courts and/or in a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. Although exceptions to *Younger* abstention are permitted where (1) irreparable injury as a result of the prosecution is both "great and immediate"; (2) the state law flagrantly and patently violates the Constitution of the United States; (3) there is a showing of bad faith or harassment; or (4) other unusual circumstances exist that require issuance of the requested relief, *Mitchum v. Foster*, 407 U.S. 225, 230 (1972), Jarrell has not presented any credible basis to warrant application of these exceptions. Initially, the court finds that the mere fact Jarrell must defend himself

in state criminal proceedings does not demonstrate irreparable harm. *Younger*, 401 U.S. at 46 ("[T]he cost, anxiety, and inconvenience of having to defend against ... criminal prosecution, [is not] considered 'irreparable' in the special legal sense of that term."). Next, it is clear that Jarrell's self-serving, conclusory allegations of trial court error and the reference to a purported death threat by a narcotics officer fail to establish the type of bad faith or harassment that would justify intervention by this court by this court in the state criminal proceedings. Finally, there is no evidence that the state laws under which Jarrell has been charged violate the Constitution nor has he set forth any extraordinary circumstance entitling him to the requested relief.

In light of the foregoing, this court is compelled to abstain from considering the merits of Jarrell's claims which place into question the validity of the pending criminal charges as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Younger*, 401 U.S. at 43-44. Consequently, to the extent Jarrell requests declaratory relief requiring this court's interference with pending state criminal proceedings, equity, comity and federalism concerns require the court to abstain from considering the claims presented by Jarrell.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims for declaratory relief from orders issued/actions undertaken

by the state court in proceedings related to his pending criminal cases be DISMISSED with prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  The plaintiff's claims for monetary damages against Judge Ben Lewis be DISMISSED with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(iii).

3.  The plaintiff's request for declaratory relief which would necessarily entail intervention by this court into the pending state criminal proceedings be DISMISSED without prejudice in accordance with the *Younger* abstention doctrine so that the plaintiff may pursue his claims in the state courts.

4.  This case be dismissed prior to service of process.

It is further

ORDERED that on or before March 16, 2016 the parties may file objections to this Recommendation.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error

or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 1st day of March, 2016.


                       /s/Terry F. Moorer
                       TERRY F. MOORER
                       UNITED STATES MAGISTRATE JUDGE